I respectfully dissent. I would hold that sufficient evidence existed to submit the wantonness claim to the jury.
I agree with the majority that evidence offered to prove that employees of Hardee's and Flagstar subsequently attempted to "cover-up" the investigation into the incident does not indicate that any employees engaged in conduct in reckless or conscious disregard for the safety of Hardee's customers. However, the conduct of Hardee's employees prior to the incident has a direct bearing on the sufficiency of the evidence with respect to the wantonness claim. On two occasions, Annetta Cohill stated under oath that she may have cut herself and that it may have been her blood in the styrofoam container in question. During cross-examination at trial, "substantial portions of the [Annetta Cohill] deposition [were] read to her and placed into the record without objection by Flagstar. Particularly, Annetta Cohill admitted in herdeposition testimony and in her trial testimony, under oath,that when Davis's counsel inquired as to whether or not she hadinformation with regard to the bloody biscuit, her firstresponse was, 'I could have cut myself,' [and] 'It might havebeen my blood,' and that her supervisor, Hilda Bryant, sent her home early on that day." (Appellee's brief at 12.) (Citations to the record omitted; emphasis added.) These statements were made by Cohill to Davis's attorney when Cohill believed she was speaking *Page 1144 
with an attorney for Hardee's. Not only did Cohill admit during her sworn deposition testimony that she had made the statements to Davis's attorney in a telephone conversation, but she also admitted the same at trial. It was not until after Cohill realized that she was not talking to a Hardee's attorney that she stated that she did not cut her hand and that it could not have been her blood in the biscuit. If the jury believed, and apparently it did, that Cohill knew she was bleeding and that her blood may have gotten into the styrofoam container, yet continued to work and package biscuits and gravy for customers, then the jury could have found that Cohill's conduct occurred with a reckless or conscious disregard for Hardee's customers, including Davis.
Furthermore, at no time during trial did Flagstar object to the testimony of Annetta Cohill. In fact, Flagstar failed to request, in regard to Cohill's testimony, a limiting instruction specifying that the testimony could be used for impeachment purposes only. Therefore, Flagstar failed to properly preserve this argument for appeal.
I agree with the majority that the plaintiff's evidence was sufficient to support the negligence and AEMLD claims. However, based on the fact that Cohill stated under oath on two occasions that she might have cut herself and that it might have been her blood in the biscuit, I dissent from the holding that the plaintiff's evidence was insufficient on the wantonness claim. I would affirm the judgment.
ALMON and SHORES, JJ., concur.